```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


PAUL G. SEEMILLER,                   )
                                     )
           Plaintiff,                )
                                     )
      v.                             )    No. 4:11-CV-2254-DDN
                                     )
BARACK OBAMA, et al.,                )
                                     )
           Defendants.               )
```

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Paul G. Seemiller for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiff seeks monetary relief in this action against defendants President Barack Obama, Adrain Gives, and Veterans Affairs. Plaintiff alleges that President Obama met him at the Record Office in St. Louis, Missouri, and lied to him, saying he could not find plaintiff's personnel files. When plaintiff subsequently went to the Veterans Hospital, President Obama was there and "took it on his own to be a criminal with [plaintiff]." Plaintiff states that although he flew 500,000 flights over Vietnam, President Obama "put the [IRS] on [him]" and "took all [his] livelihood."

Having carefully reviewed the complaint, the Court concludes that plaintiff has failed to state sufficient facts to give fair notice of the claims asserted. The factual allegations are fanciful, incoherent, and delusional, and even affording the complaint a liberal construction, the Court is unable to ascertain the nature of plaintiff's claims.

Although a pro se complaint is to be liberally construed, the complaint must contain a short and plain summary of facts sufficient to give fair notice of the claim asserted.  Means v. Wilson, 522 F.2d 833, 840 (8th Cir. 1975).  The Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded.  For these reasons, the complaint will be dismissed, without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of January, 2012.

**/s/ Jean C. Hamilton**
**UNITED STATES DISTRICT JUDGE**